Dariush Adli, Esq., SBN 204959
adli@adlilaw.com
Darin Shaw, Esq. SBN 251037
Darin.shaw@adlilaw.com
ADLI LAW GROUP, PC
3453 Newridge Dr.,
Rancho Palos Verdes, CA 90275
Telephone: (213) 623-6546

Attorneys for Ezekiel Bottorff

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUNNA TOURING, LLC<br><br>*Plaintiff*,<br><br>vs.<br><br>MICKLE AND MICKLE PRODUCTIONS, a purported business entity; DAPHNEY MICKLE GOLDEN, an individual; STARS IN ACTION, INC., a California nonprofit corporation; RAIZA RANGL, an individual; and EZEKIEL BOTTORFF, an individual<br><br>*Defendants*. | Case No: 2:26-cv-02842<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6); MEMORANDUM OF POINTS OF AUTHORITIES**<br><br>Date: August 28, 2026<br>Time: 10:30 am<br>Room: 8, 8th Floor<br>Judge: Hon. Josephine L. Staton |

**TO THE COURT, ALL PARTIES , AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on August 28th at 10:30 am or as soon thereafter as the matter may be heard in Courtroom 8a on the 8th floor of the Courthouse, located at 312 N. Spring St., Los Angeles, CA 90012, Defendant Ezekiel Bottorff ("Defendant") will and hereby does move the Court for an order, pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss Plaintiff's Complaint, specifically the first eight counts of the Complaint.

This motion is being filed today since it was the final day for Defendant to file a responsive pleading, but Defendant's counsel emailed Plaintiff asking for a meet and confer, pursuant to L.R. 7-3, on June 29, 2026, the same day the motion was filed. Defendant anticipates a meet and confer conference will occur on June 29, 2026. Defendant could not wait any further to file the motion, and it was filed in this manner only because there was no other time to meet and confer, and due to the Court's OSC on July 2, 2026.  However, Defendant anticipates having a good faith meet and confer on June 27, 2026.

Accordingly, Defendant moves for dismissal on the following grounds:

(1) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for breach of contract (Count I).

(2) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for Intentional

2

Misrepresentation (Fraud) (Count II).  This claim also fails because it does not meet the heightened pleading standards under Federal Rule 9(c).

(3) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for Promissory Fraud (Count III). This claim also fails because it does not meet the heightened pleading standards under Federal Rule 9(c).

(4) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for Fraudulent Concealment (Count IV).   This claim also fails because it does not meet the heightened pleading standards under Federal Rule 9(c).

(5) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for Negligent Misrepresentation (Count V).  This claim also fails because it does not meet the heightened pleading standards under Federal Rule 9(c).

(6) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for Civil Conspiracy (Count VI).  This claim also fails because it does not meet the heightened pleading standards under Federal Rule 9(c).

(7) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for Aiding and

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

3

1013.211

Abetting Fraud (Count VII). This claim also fails because it does not meet the heightened pleading standards under Federal Rule 9(c).

(8) Plaintiff's Complaint fails to state a claim upon which relief can be granted because it fails to plead all applicable elements for Unjust Enrichment (Count VIII).

Thus, Defendant Bottorff (referred to as either "Defendant" or "Defendant Bottorff") hereby moves for dismissal of the first eight counts of the complaint, for failure to state a claim and for failure to comply with applicable pleading rules.

Defendant's motion is based on this notice of motion, motion, the memorandum of points and authorities filed in support of this motion, and such other and further evidence and argument, both written and oral, as may be presented to the Court at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES
## INTRODUCTION

Plaintiff's Complaint is a long and detailed complaint that lists nine (9) different causes of action, all of which are lumped together and against all Defendants. Factually, however, there are no facts which indicate that the elements necessary to state a claim are related to Defendant Bottorff. Plaintiff's brief is replete with conclusory statements and unspecific pleadings where it lists all five Defendants as one entity, which is preposterous. *See generally* Pl's Compl. Notably, there are very few paragraphs which explain how Defendant is connected to any of allegations of wrongdoing in the Complaint. For that reason alone, the Complaint is defective. This

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

pleading defect—of referring to five separate parties as one entity—is done throughout the complaint. With such unspecific references to "Defendants," Defendant Bottorff is unable to determine exactly which pled facts concern him, or what is plead concerning him. This practice violates general notice requirements for pleadings.

Even if that were not the case, it is in flagrant violation of the heightened pleading rule standards for all fraud related claims, which means that fraud, promissory fraud, fraudulent concealment, Aiding and Abetting, Civil Conspiracy, and Negligent Representation all must necessarily fail. Furthermore, this defect causes the applicable elements of each cause of action to fail, since it is difficult to differentiate which party did what.

Accordingly, this motion to Dismiss must be Granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

5

DEFENDANT'S MOTION TO DISMISS

alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

Claims for fraud must meet the heightened pleading standard of Federal Rule of Civil Procedure 9(b), which requires a party "alleging fraud or mistake [to] state with particularity the circumstances constituting fraud or mistake." Rule 9(b) requires "an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007). "This means that averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged." *In re Google Assistant Priv. Litig.,* 546 F. Supp. 3d 945, 955 (N.D. Cal. 2021) (internal quotations omitted).

## ARGUMENT

### I.     PLAINTIFF HAS FAILED TO ALLEGE AN ESSENTIAL ELEMENT OF A BREACH OF CONTRACT BECAUSE THE COMPLAINT DOES NOT ALLEGE DEFENDANT BOTTORFF IS A PARTY TO THE CONTRACT

To state a cause of action for breach of contract, a plaintiff must allege the existence of a contract, the plaintiff's performance or excuse for nonperformance, the defendant's breach, and resulting damages. *See Prop. Cal. SCJLW One Corp. v. Leamy*, 25 Cal. App. 5th 1155 (2018). With regards to the first element—existence of a contract—there must be a pleading showing that the contract was made between

6

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

the plaintiff and the Defendant.  A valid contract requires parties capable of contracting, their mutual consent, a lawful object, and sufficient consideration.  *Aton Ctr., Inc. v. United Healthcare Ins*. Co., 93 Cal. App. 5th 1214, 1231 (2023).  Mutual assent, which is determined objectively by the outward manifestations of the parties, is a foundational requirement for contract formation.  *Id.*  Without mutual assent between the parties to the lawsuit, no enforceable contract exists between them.  Each element is essential, and the failure to plead any one of them is fatal to the claim. *Los Altos Golf & Country Club v. Cty. of Santa Clara*, 165 Cal. App. 4th 198.

Under California law,[1] it is axiomatic that a defendant must have been a party to the contract to actually be sued for breach of that contract.  *See Boyson v. Thorn* (1893) 98 Cal. 578, 580  (holding that the general rule is that only those who are parties to a contract "are liable for a breach of it.").  A non-party to a contract cannot be liable for its breach. *Id.; Gold v. Gibbons* 178 Cal.App.2d 517, 519 (1960).  *See also Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 828, f.n. 8 (N.D. Cal. 2018) (the District Court noted, that since the contract was not signed, there could not be a cause of action for breach of contract against that non-signing party); *see also Maxwell v. Dolezal,* 231 Cal. App. 4th 93 (Cal. Ct. App. 2014).

In the instant case, Plaintiff has failed to plead any facts which show that Defendant Bottorff was connected to the contract in any way.  Instead, as will become

---

[1] Since this is a diversity action, Defendant is presuming California substantive law controls. However, Defendant also cited to a Federal Court case as well.   Defendant requests time to find more federal authority, if required by the Court.

7

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

a theme to this complaint, Plaintiff merely refers to all five Defendants as a single entity when the contract was formed. *See* Pl's Compl. at ¶44-61. By claiming, in a bare-boned and conclusory manner, that all five individual Defendants did all of this conduct regarding the contract taxes credulity and possibility. Even if that were not the case, Plaintiff submitted a copy of the contract to the Court. *See* Pl's Compl. Ex. A. In viewing that document, it is clear that the parties who entered into the contract were not Defendant Bottorff. *Id.* Indeed, Defendant Bottorff's name is never motioned in the document that is submitted as the contract which was allegedly breached. *Id.* For that reason alone, this motion to dismiss should be granted; Defendant Bottorff cannot be sued for a breach of contract when he was not a party to that contract.

Furthermore, in the listings of facts indicating performance and breach, Defendant Bottorff is not mentioned, presumably because he has factual involvement with any of the allegations made as to breach of contract. *See* Pl's Compl. at ¶44-61. While at times some individual Defendants are mentioned, there is not a single fact plead which indicates that (1) Defendant Bottorff was a party to the contract, (2) Defendant Bottorff had any dealings with the negotiation of the contract, (3) Defendant Bottorff was involved in the mutual assent of the agreement, or (4) that Defendant Bottorff had anything to do with the breach of the contract. *See Generally* Pl's Compl. Without any allegations that Defendant Bottorff executed the contract,

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

8

assented to its terms, or otherwise became bound by it, Plaintiff has failed to plead the essential element of a contract between Plaintiff and Defendant.

In the instant case, there are no allegations whatsoever that Defendant Bottorff was involved in any of the elements underlying a breach of contract claim. Instead, Plaintiff has simply lumped in Defendant Bottorff with regards to the facts claiming a breach; that is a pleading defect and woefully inadequate. Plaintiff must plead with specificity how Defendant Bottorff was involved in the elements of breach of contract but has failed to. Accordingly, the motion to dismiss should be GRANTED, and Defendant Bottorff cannot be named a defendant for a breach of a contract that he was not a party to, was not involved in any negotiations of the contract, was not involved in any mutual assent, and was not in legal privity with regards to any of the parties in the contract. There are zero facts in support of the elements for a breach of contract which can be attributed to Defendant Bottorff. This, this claim must fail as to Defendant Bottorff.

## II.   **<u>PLAINTIFF FAILS TO ALLEGE FRAUD WITH THE HEIGHTENEND PARTICULARITY OF FEDERAL RULE 9(B); PLAINTIFF NEVER PLEADS ANY SPECIFIC FACTS AS TO DEFENDANT BOTTORFF</u>**

To satisfy Rule 9(b), Plaintiff must plead facts identifying the who, what, when, where, and how of the alleged fraudulent conduct. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956 (9th Cir. 2018), *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047 (9th

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

9

Cir. 2011). Plaintiff must set forth what is false or misleading about the statement and why it is false. *Davidson* 889 F.3d at 956.  Merely alleging general unlawful conduct or making broad allegations of fraud is insufficient. *Ebeid v. Lungwitz*, 616 F.3d 993 (9th Cir. 2010).

Plaintiff's Complaint fails to meet this heightened standard.  Notably, under the misrepresentation cause of action, all of the alleged facts are simply referred to as "Defendants," which apparently refers to all five Defendants as a single entity. *See* Pl's Compl. at p. 18-19.  In the pleading under the Intentional Misrepresentation cause of action, Defendant Bottorff is mentioned briefly, but his alleged misrepresentations are not plead with any specificity.  *Id.* at ¶141.  Instead, the complaint simply states: Defendants—including Golden, Rangl, Bottorff, and other participants acting on Defendants' behalf—made numerous representations of material fact to Plaintiff…"  *Id.*  Other than this vague and unsupported statement, Defendant Bottorff is never mentioned in any of the alleged misrepresentations. *See id.* at ¶141-48.

This is a flagrant pleading defect since Defendant Bottorff does not know which misrepresentations can be attributed to him, nor when they were made, nor whom he made them no, nor how they were made.  This fails the standard required for fraud under Rule 9(b) and *Davidson*.  All of the facts pled with regards to misrepresentations are simply conclusory and do not have any specific facts as to any specific Defendant. Based on the current Complaint, all of the misrepresentations were done at the same

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

10

1013.211

time, same date, and done in unison by all five Defendants.  Plaintiff has a duty to give specific facts as to the misrepresentations done by each Defendant, how it was done and by whom, and give specific facts and dates in support of each allegation, per applicable pleading rules.  *See Davidson v. Kimberly-Clark Corp*., 889 F.3d 956 (9th Cir. 2018).

Furthermore, the Ninth Circuit has made it clear that to meet heightened fraud pleading standards a complaint cannot "merely lump multiple defendants together."  *See Swartz v. KPMG LLP,* 476 F.3d 756, 764-765 (9th Cir. 2007).  Instead, a plaintiff must "differentiate [its] allegations when suing more than one defendant." *Id.*  Plaintiff's pleading fails this rule since it constantly refers to all five Defendants as one entity.  *See generally* Pl's Compl.  Even if that were not the case, the complaint as to Defendant Bottorff must fail for three reasons: (1) all five Defendants are listed as one party throughout the Complaint, (2) there are few, if any, facts that indicate Defendant Bottorff did anything with regards to the fraud and fraud-related counts, and (3) there are no specific pleadings as to Defendant Bottorff giving the who, what, when, where, how, and why type of pleading that is required by Federal Rules for all fraud-based causes of action.  Thus, this motion should be GRANTED.

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

11

III.    **PLAINTIFF'S PROMISSORY FRAUD, FRAUDULENT CONCEALMENT, AND AIDING AND ABETTING FRAUD CAUSES OF ACTION SIMILARLY FAIL BECAUSE THE HEIGHTENED FRAUD PLEADING RULES STILL APPLY; BOTH OF THESE CAUSES OF ACTION FAIL TO ALLEGE FRAUD WITH ANY SPECIFIC FACTS AS TO DEFENDANT BOTTORFF**

For similar reasons as stated supra, causes of action for promissory fraud, fraudulent concealment, and aiding and abetting also must fail.  Since they are both fraud-related torts, Federal Rule 9(b) is applicable, and Plaintiff must plead all fraud-type claims with sufficient particularity.  *See Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007); see also Fed. R. Civ. Pro 9(b).  Most importantly, since there are five different Defendants, it is a minimal pleading standard that each party's wrongful conduct be alleged in some detail.  *See Moore v. Kayport Package Express, Inc.*, 885 F.2d 531, 541 (9th Cir. 1989) (holding that a plaintiff must, at a minimum, "identify the role" of each Defendant in the alleged fraud.).

In addition, Federal courts have uniformly extended this heightened pleading requirement to claims of aiding and abetting fraud.  *See E-Shops Corp. v. U.S. Bank Nat'l Ass'n*, 678 F.3d 659 (2012), *Inspired Capital, LLC v. Condé Nast*, 803 Fed. Appx. 436 (2020).  Furthermore, Rule 9(b)'s particularity requirement applies to the specific elements of the aiding and abetting claim itself, such as how the defendant knowingly and substantially assisted the fraud. *E-Shops Corp.*, 678 F.3d 659.

DEFENDANT'S MOTION TO DISMISS

1013.211

The policy behind the heightened pleading rule (9(b)), is that it will require a plaintiff to both (1) differentiate their allegations when suing more than one defendant and to (2) inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *See Swartz* 476 F.3d 764-65. (citing to *Haskin v. R.J. Reynolds Tobacco Co.*, 995 F. Supp. 1437, 1439 (M.D. Fla. 1998)). *See also Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (holding that allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the specific allegations).

For similar reasons as cited to *supra*, Plaintiff has failed to meet pleading standards for **all** of the causes of action involving fraud. On the Promissory Fraud counts, Plaintiff simply lumps in all five Defendants as one party when listing the alleged promissory fraud misconduct. *See* Pl's Compl. at ¶152-58. Similarly, Plaintiff commits the same pleading error under the fraudulent concealment causes of action as well. *Id.* at ¶163-68. Specifically, under all three of these fraud-related causes of action, there is not a single listed individual name of a Defendant tied to any wrongdoing. Instead, there are just general references to "Defendants." *See* Pl's Compl. at p. 18-22. This sort of unspecific pleading is in contravention to general pleading rules, and is in stark contravention of the rules as to fraud articulated in Federal Rule 9(c). It also violates the rules articulated in *Swartz* and *Moore*. Thus, this motion should be granted as to **all** causes of action involving fraud.

13

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

**A.** **<u>While the aiding and abetting claim does list specific Defendants, it still fails to plead facts in support of essential elements; and even if that were not the case, since the underlying fraud claims are poorly pled, the aiding and abetting claim cannot remain</u>**

If the complaint fails to adequately plead the underlying fraud, the derivative aiding and abetting claim cannot stand. *Inspired Capital, LLC v. Condé Nast*, 803 Fed. Appx. 436 (2020).  Since the complaint fails to meet the applicable rules for fraud as articulated *supra*, the aiding and abetting claims cannot remain.  Thus, all of the fraud and fraud-related claims must be dismissed.  And in this case, the complaint expressly relies on those poorly plead causes of action when pleading the aiding and abetting count.  *See* Pl's Compl. at ¶194.  However, the complaint still follows this improper line of pleading by continuing to lump all of the conduct as done by one entity.[2]  *See* Pl's Compl. at ¶196-97.

Finally, while this cause of action does plead facts regarding Defendant Bottorff, it only lists that he sent an indemnity agreement. *See* Pl's Compl. at ¶200. Even if this is true, this bare-boned and conclusory pleading does not plead that (1) this sending of an agreement was done to aid and abet and fraud, or (2) that Defendant Bottorff knew or any alleged fraud, or (3) that this conduct was done with any intent to aid or abet any fraud.  Further, based on the complaint, it is unknown whether Defendant Bottorff knew of any fraud.  All of these failures to plead specifics violate the policy of Rule 9(b), which requires that all fraud causes of action must be pled

---

[2] To be fair, this claim does not lump all five defendants together as one party, but does lump three defendants as one party

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

with particularity.  There are no specific facts here which indicate Mr. Bottorff did anything wrong, or had any intent to aid and abet fraud.

Thus, this cause of action—for aiding and abetting fraud—cannot stand for several reasons.  First, the underlying fraud causes of action were not pled with particularity and if they do not, the derivative claims of aiding and abetting the fraud must fail.  Even if that were not the case, the cause of action itself fails because there are limited details pleading exactly what Bottorff did to aid and abet and alleged fraud.  In sum, there are no details (the who, what, when, where, how), dates, or specific facts indicating that Mr. Bottorff knew he was doing anything wrong when he transmitted an indemnity agreement.  There is nothing pled which indicates this act was done specifically with intent to defraud, or done with intent to hide any fraud, or that Mr. Bottorff knew of any of the fraud he was allegedly trying to hide.  For a multitude of reasons, then, this cause of action also must fail.

**IV.  <u>PLAINTIFF'S CAUSE OF ACTION FOR A CIVIL CONSPIRACY FAILS FOR SIMILAR REASONS AS THE FRAUD COUNTS; IT FAILS TO DIFFERENTIATE WHICH PARTIES DID AND WHAT AND FAILS TO PLEAD FACTS SHOWING AN AGREEMENT TO DEFRAUD</u>**

The cornerstone of a civil conspiracy claim is the agreement; there must be facts specifying what the agreement was, how it came into being, and which parties agreed to what.  The Ninth Circuit has held that "the most basic and fundamental

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

element," of a civil conspiracy is an agreement between the alleged co-conspirators. *See Wasco Prods. Inc. v. Southwall Techs., Inc.,* 435 F.3d 989, 992 (9th Cir. 2006). Also, the Court noted that since the object of alleged conspiracy was fraudulent, that "Rule 9(b) of the Federal Rules of Civil Procedure requires plaintiffs to plead fraud with particularity." *See Wasco Prods. Inc.,* 435 F.3d at 990 (citing to *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 (9th Cir. 1996).

Furthermore, the Ninth Circuit has held similarly. In the *Swartz* case, the Court also struck down a civil conspiracy claim when it held as follows:

> With respect to Presidio and DB, the allegations in Swartz's original complaint patently fail to comply with Rule 9(b). The complaint is shot through with general allegations that the "defendants" engaged in fraudulent conduct but attributes specific misconduct only to KPMG and B&W. Conclusory allegations that Presidio and DB "knew that [KPMG and B&W] were making . . . false statements to clients, including Swartz, and thus were acting in concert with [KPMG and B&W]" and "were acting as agents [of KPMG and B&W]" and were "active participants in the conspiracy" **without any stated factual basis are insufficient as a matter of law.**

*See Swartz,* 476 F.3d at 765 (9th Cir. 2007) (emphasis added).

As has already been extensively argued, *supra*, Plaintiff's complaint is replete with defects because it constantly lumps in all Defendants as one party, which is improper. *See Swartz,* 476 F.3d 756, 764-765 (9th Cir. 2007). And it does so as to all causes of action for fraud, and for this civil conspiracy claim. The Court in *Swartz* noted that the party in that case did exactly as the Plaintiff does here, by constantly making generally allegations referring to "the Defendants."

16

DEFENDANT'S MOTION TO DISMISS

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

Even if that were not the case, since Federal Rule 9(b) is applicable to this alleged fraudulent conspiracy, the heightened rules of pleading are applicable. In order to state a claim for a conspiracy, Plaintiff, at the very least, must plead facts showing that there was an agreement, and plead facts giving specifics of the agreement. Plaintiff did plead an agreement, but simply states: "Defendants agreed and conspired with one another to commit the tortious conduct…." *See* Pl's Compl. at ¶185. This is woefully inadequate. First, what is the agreement? It cannot just be a nebulous cite to other facts; it must be defined. Secondly, per the rule in *Wasco*, where are the specific facts showing the parties came to an agreement? It does not exist. Notably, Plaintiff cannot claim that there is a conspiracy without providing which parties agreed to what and when these issues occurred. Instead, Plaintiff continues to make the blanket claim that "Defendants" agreed to this, but without any facts. How can these individual Defendants agree to something if they are constantly referred to as one party? Simply put, they cannot.

Even still, there are no specific facts plead with indicate the requirements of Federal Rule 9(c). There are no specific dates, no specific facts indicating how an agreement was made, how it came into existence, or which parties agreed to what. Instead, Defendant is left to guess as to how this nebulous conspiracy came into existence and how any party agreed to anything. Plaintiff's Complaint, which is devoid of salient facts, should be dismissed.

DEFENDANT'S MOTION TO DISMISS

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

**V.    PLAINTIFF'S NEGLIGENT MISREPRESENTATIONS CAUSE OF ACTION FAILS FOR THE SAME REASON THAT ALL OF THE FRAUD COUNTS FAIL; THE ALLEGED MISREPRESENTATIONS ARE NOT PLEAD WITH SUFFICIENT DETAIL; ALL DEFENDANTS ARE REFERRED TO A SINGLE ENTITY**

As has already been argued extensively *supra*, the negligent misrepresentations cause of action is deficient for the same reasons as the failure of other causes of action; all of the alleged misrepresentations are simply lumped together as one set of actions, rather than pleading any facts showing which party made what representation. *See* Pl's Compl. at ¶ 175-79   Accordingly, it is impossible for each individual Defendant to ascertain which representation was made by whom and to what party.  This is a significant pleading defect, and Plaintiff cannot simply rely on conclusory allegations; there must be facts plead in support of these allegations.

Even if that were not the case, Plaintiff fails to plead the requisite elements of this cause of action.  The Complaint does not state that Defendant Bottorff made any representations that he knew to be true.  *See Generally* Pl's Compl.  The essential elements of a count for negligent misrepresentation are the same as fraudulent misrepresentation, except that it does not require knowledge of falsity but instead requires a misrepresentation of fact by a person who has no reasonable grounds for believing it to be true.  *See* Cal. Civ. Code, § 1710, subd. 2; *Gagne v. Bertran* 43

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

Cal.2d 481, 488 (1954). Furthermore, there are no allegations of duty, negligence, or any other wrongdoing on the part of Defendant Bottorff.

Thus, the negligent misrepresentation cause of action also fails to state a claim and this motion should be GRANTED.

## VI. <u>PLAINTIFF'S CAUSE OF ACTION FOR UNJUST ENRICHMENT FAILS FOR THE SAME REASONS AS THE BREACH OF CONTRACT CLAIM; DEFENDANT BOTTORFF WAS NOT A PARTY TO THAT CONTRACT AND SHOULD NOT BE HELD TO ANSWER FOR AN IMPLIED-IN-LAW CONTRACT HE WAS NOT INVOLVED IN. NO FACTS ARE PLEAD INDICATING PLAINTIFF CONFERRED A BENEFIT ON DEFENDANT BOTTORFF</u>

For similar reasons as cited to *supra,* Defendant Bottorff cannot be sued for an unjust enrichment claim for multiple reasons.  First, it is for the same reasons he cannot be sued for a breach of contract; he was not a party to the written contract. Any contract implied out of fact or law, is, presumably[3] based on the original written contract.  Any unjust enrichment cause of action is based on a contract implied in fact. But the actual contract upon which this claim is based has nothing to do with Defendant Bottorff. Anything implied from that conduct would still have to come from the parties or the actions in the written contract.  Since there are no facts plead showing that Defendant Bottorff had anything to do with that contract, written or

---

[3] Defendant is left to guess because the complaint is unspecific as to any details beyond what is alleged regarding the breach.

19

1013.211

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

implied, there cannot be a cause of action for unjust enrichment against him. Furthermore, general principles of equity and justice mandate dismissing this claim against him.

Even if that were not the case, the complaint on its face is invalid for this cause of action as to Defendant Bottorff. This is because the Complaint relies on alleged conduct that is poorly plead because it simply lumps in all five defendants into a single category. The Complaint states that all of the benefits which Plaintiff conferred were conferred upon "all Defendants." *See* Pl's Compl. at ¶206-207. Such a bare boned conclusion is inadequate. Plaintiff must plead specific facts showing that Plaintiff conferred material benefits on Defendant Bottorff. No such facts exist. *See generally* Pl's Compl. This, the cause of action for unjust enrichment can be dismissed under multiple different grounds.

## CONCLUSION

For all of the aforementioned reasons, the motion to dismiss as to Defendant Bottorff should be GRANTED as to all eight counts of the Complaint.

ADLI LAW GROUP, P.C.

Dated: June 29, 2026      By   */s/ Dariush Adli*
                           Dariush Adli
                           Attorney for Defendant
                           Ezekiel Bottorff

ADLI LAW GROUP, P.C.
www.adlilaw.com
(213) 623-6546

1013.211

20

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2026, this document, filed through the CM/ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

ADLI LAW GROUP, P.C.

Dated: June 29, 2026          By  */s/ Dariush Adli*  _____

DEFENDANT'S MOTION TO DISMISS COMPLAINT