UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:26-cv-02842-JLS-MAR Date: August 25, 2026
Title: Gunna Touring, LLC v. Mickle and Mickle Productions et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Kelly Davis | N/A |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER (1) DENYING MOTION TO DISMISS (Doc. 15); AND (2) DENYING APPLICATION FOR DEFAULT JUDGMENT (Doc. 20)**

Before the Court are two motions: First, there is a Motion to Dismiss filed by Defendant Ezekiel Bottorff. (MTD, Doc. 15.) Plaintiff Gunna Touring, LLC opposed, and Bottorff responded. (Opp., Doc. 21; Reply, Doc. 22.) Second, there is an Application for Default Judgment against Defendant Daphney Mickle Golden filed by Plaintiff. (MDJ, Doc. 20.) The Court finds both motions appropriate for decision without oral argument, and the hearing set for August 28, 2026, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court DENIES both motions.

**A. Motion to Dismiss**

Central District of California Local Rule 7-3 requires that, at least seven (7) days before filing a motion for the Court's consideration, counsel "contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution." C.D. Cal. R. 7-3. The purpose of the rule is to help parties "reach a resolution which eliminates the necessity for a hearing . . ." *Id.*; see also *James R. Glidewell Dental Ceramics, Inc. v. Phila. Indem. Ins. Co.*, No. 8:16-CV-01155-JLS-E,

2016 WL 9223782, at *1 (C.D. Cal. Sept. 12, 2016). In its Initial Standing Order, this Court makes clear that the purpose is also to refine and narrow the disputed issues before presenting them in a motion. (*See* Standing Order, Doc. 8 at 5.) If the parties are unable to resolve their differences and are compelled to bring the matter before the Court, counsel for the moving party must include in the notice of motion a statement to the effect that "[t]his motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date)." C.D. Cal. R. 7-3.

Bottorff's counsel represents that he was unable to timely meet and confer because Plaintiff's counsel indicated that an extension would be available, then did not agree to changing the deadline. (*See, e.g.*, Reply at 2.) Bottorff therefore represents that he had only one business day to "prepare, serve, and file the motion to dismiss." (*Id.*) First, however, the record reflects that Bottorff requested an extension on June 23, 2026, one day before the deadline to file a responsive pleading. (Shaw Decl. iso Reply ¶ 6, Doc. 22-1.) This time frame did not allow adequate time to meet and confer should Plaintiff refuse to agree to an extension. Second, the parties previously stipulated to, and the Court had already granted, a month-long extension through June 24, 2026 for Bottorff to file a responsive pleading. (*See* Doc. 13.) Thus, Bottorff's counsel's argument that he was forced to file the motion on an artificially truncated timeline is not persuasive.

"The district court has considerable latitude in managing the parties' motion practice and enforcing local rules that place parameters on briefing." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1129 (9th Cir. 2002); *see also Ward v. Circus Circus Casinos, Inc.*, 473 F.3d 994, 1000 (9th Cir. 2007) (stating that when a motion violates the Local Rules, the district court may, in its discretion, deny the motion on that basis alone). Because Bottorff's counsel failed to meet and confer, and has put forward no adequate explanation, Bottorff's motion to dismiss is DENIED.

**B. Motion for Default Judgment**

This action stems from the failure to pay Plaintiff for a performance in January, 2026, and involves several defendants who took part in creating the performance agreement at issue. Plaintiff currently seeks default judgment against only one Defendant: Daphney Mickle Golden. However, entering default judgment as to only one Defendant while claims against the remaining Defendants remain pending would depart from the one-judgment rule. *See* Fed. R. Civ. P. Rule 54(b); *see also Jazz Casual Prods. Inc. v. Byron*, 2012 WL 13059823, at *2–4 (N.D. Cal. June 21, 2012) (discussing the need for consistent adjudications). Plaintiff has made no attempt to show good cause for entering judgment as to fewer than all parties. Plaintiff's Motion for Default Judgment is therefore DENIED without prejudice to refiling, if appropriate, at a later point in the proceedings.

**C. Conclusion**

For these reasons, Defendant Bottorff's Motion to Dismiss (Doc. 15) is DENIED. Plaintiff's Application for Default Judgment (Doc. 20) is DENIED.

Initials of Deputy Clerk: kd